# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL FREEMAN LEWIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>M.D. HIRSH, et al.,<br><br>　　　　　Defendants. | 1:13-cv-01474-LJO-BAM (PC)<br><br>SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND (ECF No. 1)<br><br>THIRTY-DAY DEADLINE |

### I.  Screening Requirement and Standard

Plaintiff Paul Freeman Lewis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on September 9, 2013. The matter was transferred to this Court on September 12, 2013. Plaintiff's complaint, filed on September 9, 2013, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.   Plaintiff's Allegations**

Plaintiff is currently housed at the California Correctional Institution in Tehachapi, California, where the events in the complaint are alleged to have occurred. Although not entirely clear, it appears that Plaintiff brings this action against M.D. Hirsh and the medical receiver.

Plaintiff alleges as follows: Plaintiff is not under any doctor's care, is not taking any medication, and has no medical problems. On July 15, 2013, M.D. Hirsh categorized Plaintiff as "High Medical Risk." Plaintiff is a Christian Scientist and does not believe in medical science or doctors.

Plaintiff claims that M.D. Hirsh violated his First Amendment right to exercise and practice his religious beliefs by forcing medical treatment and by his classification as "High Medical Risk." (ECF No. 1, p. 7.) Plaintiff contends that M.D. Hirsh "is endeavouring [sic] to cause the inmate, Paul Freeman Lewis, to committ [sic] suicide by violation his First

Amendment Right of his religion, tenets of Christian Science . . . ." (ECF No. 1, p. 13.) Plaintiff asserts that he has refused countless medical ducats, which never should have been sent to him.

Plaintiff seeks to remove the "High Medical Risk" classification.

### III. Deficiencies of Complaint

Plaintiff's complaint fails to satisfy the requirements of Federal Rule of Civil Procedure 8 and fails to state a cognizable claim against any of the defendants. As discussed below, Plaintiff will be given leave to cure these deficiencies. To assist Plaintiff, the Court provides the pleading and legal standards that appear applicable to his claims. Plaintiff should amend only those claims that he believes, in good faith, state a cognizable claim.

#### A. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Although Plaintiff's complaint contains a short statement, it does not set forth sufficient factual matter to state a claim for relief that is plausible on its face. Plaintiff's complaint is comprised of conclusory statements. Plaintiff fails to set forth sufficient facts upon which he bases his claims against the individual defendants. If Plaintiff chooses to amend his complaint, Plaintiff must set forth what each defendant did or failed to do that led to the violation of his constitutional rights.

#### B. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights,

> privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611; Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Here, Plaintiff fails to link the medical receiver to any alleged constitutional violation. Plaintiff will be given leave to cure this deficiency. If Plaintiff elects to amend his complaint, he must allege what each defendant did (or did not do) that resulted in a violation of his rights.

**C. Supervisory Liability**

To the extent Plaintiff seeks to bring suit against the medical receiver based on his or her role as supervisor, he may not do so. Supervisory personnel may not be held liable under section 1983 for the actions of subordinate employees based on respondeat superior or vicarious liability. Crowley v. Bannister, 734 F.3d 967, 977 (9th Cir. 2013); accord Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074–75 (9th Cir. 2013); Moss, 711 F.3d at 967–68; Lacey v. Maricopa County, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074–75; Lacey, 693 F.3d at 915–16. "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at

977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff has not alleged that medical receiver was involved in the constitutional deprivation or that the receiver instituted a deficient policy that was the moving force of any constitutional violation. Plaintiff will be given leave to cure this deficiency.

### D. First Amendment

The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008), and the Religious Land Use and Institutionalized Persons Act of 2000 ("RLUIPA") prohibits prison officials from substantially burdening a prisoner's "'religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means,'" Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (quoting Warsoldier v. Woodford, 418 F.3d 989, 997-98 (9th Cir. 2005)). In this instance, Plaintiff's complaint sets forth no facts whatsoever in support of his claim that his rights under the Free Exercise Clause and RLUIPA are being violated merely by his classification as "High Medical Risk." Although Plaintiff claims that he has been subjected to forced medical treatment, the sole factual allegation is based on his classification. Plaintiff will be given leave to cure this deficiency to the extent that he is able to do so.

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Rule 8 and fails to state a cognizable claim against any defendant. The Court will grant Plaintiff an opportunity to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.  <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. <u>Lacey</u>, 693 F.3d at 927.  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading."  Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed with leave to amend;

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. <u>If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to obey a court order</u>.

IT IS SO ORDERED.

Dated:   **June 20, 2014**             /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE